UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

SHELDON K. BUCHANAN,

         Plaintiff,

v.

ALAMO CAR RENTAL
JFK INTL AIRPORT
BUILDING 308 FEDERAL CIRCLE
JAMAICA, NEW YORK 11430,

         Defendant.

NOT FOR PUBLICATION

**MEMORANDUM AND ORDER**

18-CV-06795 (LDH) (LB)

---

LaSHANN DeARCY HALL, United States District Judge:

  On November 26, 2018, Plaintiff Sheldon K. Buchanan, who is currently incarcerated and proceeding *pro se,* commenced this civil action pursuant to 42 U.S.C. § 1983 seeking damages and return of the $5,389.51 seized from him during his August 17, 2015 arrest. By memorandum and order dated April 17, 2019, the Court dismissed the complaint for failure to state a claim and granted Plaintiff leave to file an amended complaint. In his amended complaint, Plaintiff asserts a claim against Defendant Alamo Car Rental ("Alamo") for negligently renting him a vehicle without informing him that his driver's license was suspended. (Am. Compl., ECF No. 11.)

## BACKGROUND[1]

  On August 13, 2015, Plaintiff rented a vehicle from Defendant. (*Id.* ¶ 1.) At the time, Plaintiff was not aware that his license was suspended. (*Id.*) On multiple prior occasions, Defendant had alerted Plaintiff to the fact that his license was suspended and had required him "to address the issue" with the Department of Motor Vehicles before renting him a vehicle. (*Id.*

---

[1] The following facts are taken from the amended complaint and, unless otherwise indicated, are assumed to be true for the purposes of this memorandum and order.

¶ 7.) On this occasion, however, Defendant rented him the vehicle "without verifying that he had a valid license." (*Id.* ¶ 5.) On August 17, Plaintiff was stopped by police for speeding. (*Id.* ¶ 2.) The officer informed Plaintiff that his license was suspended, arrested him, and impounded the vehicle. (*See id.* ¶¶ 2–3.) Subsequently, police recovered a loaded firearm in the engine compartment of the vehicle, and Plaintiff was criminally charged with unlawful possession of the weapon. (*Id.* ¶ 3.)

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts allow the court to draw a "reasonable inference" of a defendant's liability for the alleged misconduct. *Id.* While this standard requires more than a "sheer possibility" of a defendant's liability, *id.*, "[i]t is not the Court's function to weigh the evidence that might be presented at trial" on a motion to dismiss. *Morris v. Northrop Grumman Corp.*, 37 F. Supp. 2d 556, 565 (E.D.N.Y. 1999). Instead, "the Court must merely determine whether the complaint itself is legally sufficient, and, in doing so, it is well settled that the Court must accept the factual allegations of the complaint as true." *Id.* (citations omitted).

Moreover, where, as here, a plaintiff is proceeding pro se, his pleadings "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)). A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp*, 521 F.3d 202, 213–14 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). This rule is "particularly so when the pro se plaintiff alleges that [his] civil rights have

been violated." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).

Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

## DISCUSSION

"Federal courts have a duty to inquire into their subject matter jurisdiction *sua sponte*, even when the parties do not contest the issue." *D'Amico Dry Ltd. v. Primera Mar. (Hellas) Ltd.*, 756 F.3d 151, 161 (2d Cir. 2014). "The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a)." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743 (2019). "[I]t is well established that '[t]he party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.'" *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322–23 (2d Cir. 2001) (quoting *Advani Enter., Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998)).

3

Here, Plaintiff fails to meet either jurisdictional test. His sole claim, for negligence, arises under state, not federal, law. And, even assuming that Plaintiff has adequately pleaded the requisite amount in controversy, he alleges no facts to establish diversity of citizenship between the parties.[2]

Even if the Court had jurisdiction over the complaint, it would be dismissed as meritless. "In order to prevail on a negligence claim, a plaintiff must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom. In the absence of a duty, as a matter of law, there can be no liability." *Pasternack v. Lab. Corp. of Am. Holdings*, 59 N.E.3d 485, 490 (N.Y. 2016) (internal quotation marks and citation omitted). Under New York law, a rental agency has a duty to provide its customer "with a vehicle in safe condition and good working order." *Betancourt v. Manhattan Ford Lincoln Mercury, Inc.*, 607 N.Y.S.2d 924, 924 (N.Y. App. Div. 1994). "This general duty includes a 'duty to inspect for and to discover such defects as a reasonable physical inspection would disclose.'" *Noveck v. Avis Rent A Car Sys., LLC*, 446 F. App'x 370, 374 (2d Cir. 2011) (summary order) (quoting *Naples v. City of New York*, 309 N.Y.S.2d 663, 666 (2d Dep't 1970)). However, an agency does not owe its customer a duty to investigate the validity of his driver's license or warn him of its suspension. Thus, Plaintiff cannot seek to hold Defendant liable for the consequences of his choice to drive with a suspended license.[3]

---

[2] Plaintiff seeks "$60,0000 [*sic*] in monetary compensation." (Am. Compl. ¶ 11.) Because of the either errant comma or extraneous zero, it is unclear whether Plaintiff is seeking $600,000, which would exceed § 1332's $75,000 amount-in-controversy threshold, or $60,000, which would not.

[3] Even assuming that Plaintiff had adequately pleaded the elements of duty and breach, Defendant's failure to warn Plaintiff of his suspended license could not plausibly be said to have proximately caused his stop (for speeding) or arrest and prosecution (for unlawful possession of a firearm). (*See* Am. Compl. ¶¶ 2–3.)

## CONCLUSION

For the foregoing reasons, the complaint is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

Dated: Brooklyn, New York
      July 11, 2019

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge